**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA**

       **v.**                                      **CRIMINAL NO. 04-506-2**

**KEVIN JENKINS**

**ORDER**

AND NOW, this _____ day of _____ 2006, upon consideration of the Motion To Bar Impeachment Use of Defendant's Prior Convictions it is hereby ORDERED and DECREED that the Government is precluded from introducing any prior convictions of Defendant to impeach his credibility if he testifies.

                                                            BY THE COURT:

                                                            _____

                                                            J.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA**

        v.                          **CRIMINAL NO. 04-506-2**

**KEVIN JENKINS**

**MOTION TO BAR IMPEACHMENT USE OF DEFENDANT'S PRIOR CONVICTIONS**

      Defendant, Kevin Jenkins, by his attorney, Peter A. Levin, respectfully moves this Honorable Court to rule in advance of trial on the admissibility in evidence of any prior convictions of defendant, pursuant to Federal Rule of Evidence 609. In support thereof he asserts the following:

1. The indictment in this matter charges the defendant with conspiracy to commit armed bank robbery, conspiracy to commit carjacking, carjacking and using a firearm during a crime of violence.

2. The government has advised counsel that defendant has prior arrests in 1996 for possession of weapons, in 1997 for robbery, and in 1998, 1999, and 2002 for narcotics related offenses. Some of these arrests resulted in convictions.

3. The convictions are too old to be admissible pursuant to Federal Rule of Evidence 609 (b) and are not crimes which involves dishonesty or false statement in the context of Rule 609 (a) (2).

4. The government has not notified counsel of any other prior convictions of defendant so these would be the only convictions in question.

5. The defendant wishes to testify in his defense, but if these convictions are admitted into evidence to impeach his credibility they will unfairly prejudice his defense by inflaming the jury to convict him as a "bad person."

6. If he does not testify in his defense because it will result in admission of his previous convictions, the jury will be deprived of the full truth to consider.

7. Federal Rule of Evidence 609 (a) (1) forbids proof of these convictions because their probative value on the issue of credibility does not outweigh their prejudicial effect to the defendant.

      WHEREFORE, Defendant Kevin Jenkins, respectfully requests this Honorable Court to enter an Order decreeing that the Government is precluded from introducing any prior convictions of Defendant to impeach his credibility if he testifies.


Respectfully submitted,


2865

Peter A. Levin
1927 Hamilton Street
Philadelphia, PA  19130
(215)563-3454
Attorney for Defendant,




       IN  THE  UNITED  STATES  DISTRICT  COURT

    FOR  THE  EASTERN  DISTRICT  OF  PENNSYLVANIA

**UNITED  STATES  OF  AMERICA**

      v.                              **CRIMINAL NO. 04-506-2**

**KEVIN  JENKINS**

## MEMORANDUM OF DEFENDANT IN SUPPORT OF MOTION TO BAR IMPEACHMENT USE OF DEFENDANT'S PRIOR CONVICTIONS

Kevin Jenkins, by his attorney, Peter A. Levin, respectfully moves this Honorable Court to enter an Order in advance of the trial out of the presence of the jury that the government cannot use convictions to impeach the defendant's credibility if he testifies. The introduction of the convictions will be substantially more prejudicial than probative.

Pursuant to Federal Rule of Evidence 609, the Court may not allow impeachment by a prior conviction unless the conviction involved "dishonesty or false statement," Rule 609 (a) (2),or unless it was for a felony and the prosecution shows that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect to the defendant, Rule 609 (a) (1) . Defendant's convictions for narcotics offenses as well as weapons offenses do not involve "dishonesty or false statement", and therefore a 609 (a) (1) determination is required. See G.V. I. v. Bedford, 671 F.2d 758, 760-61 (3d Cir. 1982).

Admission of these convictions would be more prejudicial to the defense than probative of credibility. They do not relate to credibility at all unless one accepts the proposition rejected by Congress in its reformulation of Rule 609, namely that every felony conviction is probative of credibility. Courts have warned "against the danger that the jury will be inflamed by the evidence to decide that because the accused was the perpetrator of other crimes, he probably committed the crime for which he is on trial as well. United States v. Goodwin, 492 F. 2d 1141, 1150 (5th Cir. 1974), cited with approval in United States v. Cook, 538 F.2d 1000, 1003 (3d Cir. 1976).

The Court must exclude evidence about the defendant's convictions because of their inflammatory tendency to have the jury convict the defendant because he is a "bad person." The convictions have little value as to credibility.

WHEREFORE, Defendant, respectfully requests this Honorable Court to enter an Order decreeing that the Government is precluded from introducing any prior convictions of

Defendant to impeach his credibility if he testifies.

Respectfully submitted,

2865


Peter A. Levin
1927 Hamilton Street
Philadelphia, PA  19130
(215)563-3454
Attorney for Defendant,


# CERTIFICATE  OF  SERVICE


Peter A. Levin, Esquire, hereby certifies that a true and correct copy of the within Motions have been served upon by hand delivery to:

Jennifer Chun, Esquire
Assistant United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106


Date: 4-10-06

2865

_____
Peter A. Levin, Esquire