IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | Criminal No. 04-506 |
| **ERIC HUMBERT,**<br>        a/k/a "Basil,"<br>**KEVIN JENKINS** | : | |

**GOVERNMENT'S TRIAL MEMORANDUM**

The United States of America, by and through its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Jennifer J. Chun, Assistant United States Attorney, respectfully submits its trial memorandum.

**I.      INTRODUCTION**

On or about September 23, 2004, a federal grand jury returned a seven-count superseding indictment charging the defendants each with conspiracy to commit armed bank robbery, in violation of Title 18, United States Code, Section 371, using and possessing a firearm during a crime of violence, in violation of Title 18, United States Code, Section 924©), conspiracy to commit carjacking, in violation of Title 18, United States Code, Section 371, carjacking, in violation of Title 18, United States Code, Section 2119, and using and possessing a firearm during a crime of violence, in violation of Title 18, United States Code, Section 924©).

## II.   ELEMENTS OF THE OFFENSES

### A.  Conspiracy to Commit Armed Bank Robbery and Carjacking

To prove the offense of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371, the government will prove the following elements beyond a reasonable doubt:

(1)   the conspiracy, agreement, or understanding described in the indictment to commit robbery of The Bank, 125 South Broadway, Pennsville, New Jersey on May 27, 2003, and carjacking on May 27, 2003, was formed by two or more persons and was existing at the times alleged in the indictment;

(2)   that the defendants knew of the purpose of the conspiracies and deliberately joined them; and

(3)   after the conspiracies came into existence, at least one of the conspirators knowingly performed at least one of the overt acts alleged in the indictment to further or advance the purpose of the conspiracy, agreement, or understanding.

### C.  Carjacking

To prove the offense of carjacking, in violation of 18 U.S.C. § 2119, the government will prove the following elements beyond a reasonable doubt:

(1)   The defendants took a motor vehicle from the person or presence of another;

(2)   By force and violence or intimidation;

(3)   With intent to cause death or serious bodily harm; and

    (4)    That the motor vehicle had previously been transported, shipped, or received in interstate or foreign commerce.

    C.  <u>Using and Carrying a Firearm during a Crime of Violence</u>

To prove the offense of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), the government will prove the following facts beyond a reasonable doubt:

    (1)    that the defendants committed the crime of conspiracy to commit armed bank robbery and carjacking as charged in Counts One and Four of the indictment; and

    (2)    during and in relation to the commission of that crime, the defendants knowingly used and carried a firearm.

## III.  SUMMARY OF FACTS

On or about May 22, 2003, defendants Eric Humbert, a/k/a "Basil," and Kevin Jenkins and co-defendant Rasheen Jones traveled from Philadelphia, Pennsylvania to Carneys Point, New Jersey. The purpose for the trip was to rob a bank that defendant Humbert claimed to have robbed years earlier. In May 2003, this bank was known as The Bank, 125 South Broadway, Pennsville, New Jersey. The bank robbery, however, was aborted because of a police presence near the bank.

On May 27, 2003, the same three individuals again traveled from Philadelphia to Carneys Point for a second attempt at robbing the bank. Prior to the drive, Jones rented a blue Dodge pick up truck. Jones and Humbert drove together in the truck while co-defendant Jenkins drove to Carneys's Point in another car. All three had guns.

Once they arrived in the vicinity of Carneys Point, they rode passed The Bank. Afterwards, defendant Jenkins left his car in a Cracker Barrel restaurant parking lot and got in the truck with Jones and Humbert. In order to commit the robbery, defendant Humbert instructed the others that a minivan would be needed as the getaway vehicle. The minivan's sliding door provided easy access in and out of the car. According to Humbert, he and Jenkins would drive to the bank in the stolen minivan and rob the bank. Jenkins' car was the switch vehicle, meaning that after the robbery, the minivan would be abandoned and Jenkins would get into his own car with the stolen money. Jones was designated as the blocker which meant he would follow Jenkins' car out of the parking lot and block anyone trying to get a description or read Jenkins' tag. Humbert would get into Jones' truck to follow Jenkins. Therefore, defendants Humbert and Jenkins and co-defendant Jones proceeded to search for a minivan in order to commit the robbery.

As they were searching, they saw a white minivan in a garage at 514 Robinson Road, Carneys Point. Once they targeted that minivan to steal, Jones waited in the Conectiv parking lot while defendants Humbert and Jenkins went to 514 Robinson Road to steal the minivan. At approximately 3:00 p.m., defendants Humbert and Jenkins, approached victim A.R., a 73-year old male, while he was outside of his home. Humbert told A.R. that they wanted the minivan and money. Humbert and Jenkins entered the house through an open garage door where the victim's 2002 Dodge Caravan, NJ license plate VA199W, was parked. Once inside the house A.R. told his wife, M.R., who was 71-years old, that they were being robbed and the defendants wanted the minivan. When M.R. protested in disbelief, Humbert brandished his gun and demanded money and the keys to the minivan.

Jenkins tied A.R.'s hands and feet with nylons.  A.R. was placed face down in the bathroom tub, and Jenkins struck him in the body when he tried to get up.  M.R. handed over some money to Humbert with the keys to the Dodge Caravan.  Humbert then attempted to rape M.R.  Humbert was unable to penetrate M.R. and ejaculated on her stomach.  Humbert then took hair spray and tried to push the bottle into her vagina.  He poured the contents on her vaginal area and stomach.  He wiped her down with her sheets and tied her up with nylons.  Before escaping with Jenkins in the stolen Dodge Caravan, Humbert threatened her not to say anything or they would return.

M.R. was able to free herself and asked her neighbor contact the police.  A sexual assault examination was conducted where dried secretion containing sperm was recovered from M.R..  A cigarette butt was also recovered from the victims' home.

IV.	EVIDENCE

   A. **Conectiv security employee S.P. - video surveillance**

On May 27, 2003, at approximately 3:15 p.m., Conectiv employee S.P. observed a blue Dodge truck, PA license plate YHKL1145, parked in the cul-de-sac near the company's parking lot which is a short distance from the victims' house.  She became suspicions and approached the vehicle.  The driver, co-defendant Jones, said that he was looking to buy a house in the area.  S.P. advised him that he was in a business park and not a residential area.  Jones pulled out of the cul-de-sac and parked in the main parking lot.  S.P.'s suspicions were not relieved and she approached the truck again when it abruptly drove out of the parking lot.  S.P. followed the truck and was able to copy the license plate which she relayed to the Conectiv security desk.

The license plate came back to Enterprise Leasing located in Upper Darby, Pennsylvania. Enterprise Leasing advised police that the vehicle was rented to Rasheen Jones. S.P. was able to identify Jones in a photo line up. In addition, video surveillance from Conectiv's security system show the Dodge truck waiting in the cul-de-sac and then move to the parking lot before Jones left the area.

B. **Minivan**

On June 3, 2003, the stolen Dodge Caravan was recovered at the Hampton Inn, Pennsville Township, New Jersey. This location is next to a Cracker Barrel restaurant. A representative from the dealership where the car was purchased will testify that the vehicle was manufactured in Canada. Moreover, there will testimony that the minivan was purchased in Delaware.

Jones's cellphone records show that he was called from a payphone at the Deepwater Diner on May 27, 2004 at 4:08 p.m. The diner is three miles from the crime scene and two miles from where the minivan was recovered.

C. **Cellular telephone information and wiretap**

From the cellular telephone number Jones left with Enterprise Leasing, the police were able to track not only the incoming and outgoing calls the day of the carjacking, but also cell tower locations hit by these calls from Philadelphia to Carneys's Point on May 27, 2003; evidence that Jones was in the vicinity of the victims' house when the car jacking took place. This cell phone information led to the identification of two other numbers. One telephone number was registered to Kevin Jenkins, the other to a Linda Deas, utilized by Marcel Harper. According to cell information, these phones were in contact with each other on the May 27,

6

2003.  These phone numbers also hit off a cell phone tower in Pennsville, New Jersey on May 27, 2003; two of the numbers also hit off the tower on May 22, 2003.  A wiretap investigation was conducted on these cell phones.  Evidence from these conversations identified defendant Eric Humbert as the individual who used the cell phone registered to Linda Deas.

### D. Jenkins confession

On August 22, 2003, Jenkins was arrested.  He was mirandized and gave two statements on that day.  Initially, he made false exculpatory statements that he was not in Carneys Point on May 27, 2003.  Subsequently, he admitted that he went to Carneys Point.  Jenkins drove his own car and two others drove down in a truck.  Jenkins parked his car in the Cracker Barrel parking lot in Pennsville, New Jersey and all three drove in the Dodge truck.  All three had guns.  They were driving and saw the Robinson's open garage door with the Dodge Caravan.  Jenkins admitted that he and another person went into the house to steal the car while another person waited in the truck.  Jenkins admitted that he and the other person used their guns during the robbery.  He confessed to tying up A.R. and looking for valuables in the house while the other person was in the bedroom with victim M.R.  Jenkins denied any involvement with the sexual assault.  In his confession, he did not identify Humbert or Jones by name.   The tape and transcript, however, have been redacted to inculpate only Jenkins.

### E. DNA

Defendant Humbert was on parole and living in a half-way house on May 27, 2003.  Before being released from prison for a robbery and kidnapping in January 2003, the state took Humbert's DNA sample pursuant to the DNA Act, 42 Pa.S.C. § 4701, et seq.  Humbert's DNA sample matched sperm that was recovered from the May 27, 2003 sexual assault.

Subsequently, a search warrant was issued for defendant Humbert's DNA. Humbert was a suspect in both the May 27, 2003 carjacking/sexual assault and three subsequent violent armed bank robberies. His DNA was taken for both investigations. Humbert's DNA from the search warrant again matched the dried secretions containing sperm from the May 27, 2003 sexual assault. In addition, DNA that was recovered from a cigarette butt left at the victims' house on May 27, 2003, matched the DNA of co-defendant Jenkins.

### F. Jones Testimony

Co-defendant Rasheen Jones will testify at trial. He will testify that defendant Humbert told him that he had previously robbed the same bank that they (Humbert, Jenkins and Jones) were targeting in Carneys's Point. Jones will testify that they initially planned on robbing the bank approximately one week prior to May 27, 2003 but aborted the robbery because of a police presence. He will testify that on May 27, 2003, he, Humbert and Jenkins went back to Carneys's Point for another attempt at the bank. Jones will describe how they looked for a minivan to conduct the robbery. He will confirm that Humbert and Jenkins went into the house to steal the minivan while he stayed in his truck as a look out.

### G. 1993 Bank Robbery and 2003 Bank Robberies

Evidence that the same bank was robbed in 1993 will corroborate Jones' testimony and is evidence of the conspiracy to commit armed bank robbery. In 1993, approximately $225,000 was stolen. Eyewitness testimony confirms that a stolen minivan was used as the getaway vehicle that was abandoned a short distance from the bank. The suspects, two black males, were seen getting out of the minivan and switching into another car.

Humbert participated in three subsequent bank robberies in June and July 2003. The *modus operandi* was used in these robberies as attempted on May 23, 2003. These robberies will show that the same plan and method were used.

### H. M.R. Testimony

The victim will testify about the carjacking.

## V. EVIDENTIARY ISSUES

### A. Defendants' Prior Convictions

The government submits that the defendants' prior convictions would be admissible for impeachment purposes if the defendants were to testify at trial. Fed.R.Evid. 609(a)(1); United States v. Jacobs, supra, 44 F.3d at 1224-25 (3d Cir. 1995) (allowing burglary conviction to be used to impeach the defendant). In addition, these convictions would be admissible to impeach any character witnesses called to testify on defendants' behalf. Fed.R.Evid. 405(a); Michelson v. United States, 335 U.S. 469 (1948); United States v. Adair, 951 F.2d 316, 319-20 (11th Cir. 1992). The government respectfully requests a ruling on this issue prior to trial.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

JENNIFER J. CHUN
Assistant United States Attorney

Dated:

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Government's Trial Memorandum has been served on this date, by electronic filing on the following defense counsel:

>Henry S. Hilles, Esq.
>The Palladian
>509 Swede Street
>Norristown, PA 19401
>
>Peter A. Levin, Esq.
>1927 Hamilton Street
>Philadelphia, PA 19130

>_____
>JENNIFER J. CHUN
>Assistant United States Attorney

Dated: