IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : 
                                             :          CRIMINAL NO. 04-506-2
      V.                                 : 
                                             : 
KEVIN JENKINS                : 

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KEVIN JENKINS POST TRIAL MOTIONS**

      Kevin Jenkins, through his undersigned counsel, hereby moves for a Judgment of Acquittal, for Arrest of Judgment or, in the alternative, for a New trial, and in support avers the following:

**I.     JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

      Federal Rule of Criminal Procedure 29 requires that, upon a motion by a defendant, a court shall enter a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." Fed. R. Crim. P. 29(a). In evaluating the sufficiency of evidence to support a guilty verdict, the court must "review the sufficiency of the evidence "in the light most favorable to the government, and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>United States v. Pritchard</u>, 346 F 3.d 469, 470 (3d Cir. 2003) (quoting <u>United States v. Hodges</u>, 321 F .3d 429, 439 (3d Cir. 2003) (citing <u>United States v. Smith</u>, 294 F 3.d 473, 478 (3d Cir. 2002).

1

A Court will not re-weigh the evidence, nor reassess the credibility of the witness. See United States v. Casper, 956 F .2d 416, 421 (3d Cir. 1992).  However, convictions are to be reaffirmed on appeal only if "the verdict is supported by substantial evidence." United States v. Coyle, 63 F .3d 1239, 1243 (3d Cir. 1995).  In United States v. Gibbs, 190 F .3d 824,829 (3d Cir. 1999), the court held that to prove a conspiracy, the government must establish a unity of purpose between the alleged conspirators, an intent to achieve a common goal, and an agreement to work together toward that common goal. See also United States v. Robinson, 167 F .3d 824, 829 (3d Cir. 1999).  Though the government may prove these elements entirely by circumstantial evidence, see United States v. Kapp, 781 F .2d 1008, 1010 (3d Cir. 1986), each element of the offense must be proved beyond a reasonable doubt.  See United States v. Samuels, 741 F .2d at 573-574.

Defendant Kevin Jenkins moves for Judgment of Acquittal under Rule 29 on the grounds that the evidence was insufficient to convict him of conspiracy to commit carjacking and using a firearm in furtherance of a conspiracy to commit carjacking.

**A. Elements of Conspiracy to Carjack**

Four elements must be satisfied in order to convict an individual for the crime of carjacking.  In order to find a defendant guilty of carjacking, the government must prove beyond a reasonable doubt that 1) the defendant took a motor vehicle from the person or presence of another; 2) by force and violence or intimidation; 3) with intent to cause death or serious bodily harm; and 4) that the motor vehicle had been previously transported, shipped, or received in interstate or foreign commerce. 18 U.S.C. §2119.

In order to convict a defendant of conspiracy to commit carjacking under 18 U.S.C. §371, the government is required to prove beyond a reasonable doubt that 1) two

or more persons agreed to commit a carjacking; 2) the defendant, knowing the unlawful purpose of the plan, willfully joined in it; and 3) one of the conspirators during the existence of the conspiracy knowingly committed at lease one overt act in furtherance of the conspiracy. United States v. Davis, 183 F.3d 231 (3d Cir. 1999).  For the jury to convict a defendant of conspiracy to carjack, the jury must establish that at any time, the specific object of the conspiracy was to carjack.  To be convicted of conspiracy, the conspirator must intend to further the endeavor which, if completed, would satisfy *all* of the elements of the substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor.  Salinas v. U.S. 522 U.S. 52 (1997).

**B. The evidence was insufficient on the intent element of carjacking, because the government did not prove that the prohibited intent existed at the time of the commission of the act constituting the offense of taking control of the victim's car.**

A defendant cannot be convicted of conspiracy to commit a crime unless the government proves at least the degree of criminal intent necessary for the underlying substantive offense.  United States v. Feola, 420 U.S. 671 (1975), see also United States v. Alston, 77 F.3d 713 (3d Cir. 1996).   Conviction for conspiracy requires the same level of mens rea as required for conviction of the underlying offense.  In the federal carjacking statute, the government is required to prove beyond a reasonable doubt that the defendant would have at least attempted to seriously harm or kill the driver if necessary to steal the car.  United States v. Holloway, 119 S.Ct 966 (1999).

The government failed to prove the element of intent to cause "death or serious bodily injury," that is a required element of the carjacking statute. The carjacking statute essentially is aimed at providing a federal penalty for a particular type of robbery. The statute's *mens rea* component thus modifies the act of 'tak[ing]' the motor vehicle. It

directs the factfinder's attention to the defendant's state of mind at the *precise moment* he demanded or took control over the car 'by force and violence or by intimidation.' If the defendant has the proscribed state of mind *at that moment,* the statute's scienter element is satisfied. United States v. Holloway, 119 S.Ct 966 (1999).

The record reflects that the defendant's tied the victims up, and told them they would come back for them if the victims called the police. At no time did they threaten death or serious bodily injury. N.T. 5/9/06 At 2-13. Nor is there a scintilla of evidence in the record that the defendants at any time had the intent to cause either death or serious bodily injury. The defendant's then left the bedroom and did not come back. Id. At the precise time that defendants took the vehicle, the victims were tied up inside of their own home. The defendants were outside of their proximity at the time the vehicle was taken. Id. The evidence was therefore insufficient to show that at the time of taking control of the vehicle, the defendant had the conditional intent to cause death or serious bodily harm to the victims. Furthermore, there is no evidence whatsover that in the planning stages of the deciding to take a car that death or serious bodily injury to the victims was an option. The government failed to prove at least one element required to find a defendant guilty of conspiracy to commit carjacking. Accordingly, the conviction must be reversed and remanded for entry of a judgment of acquittal.

**C. Substantive Elements do *not* need to be *fulfilled* for Conspiracy to Occur**

The Defendant is not arguing that the elements of the substantive crime must be *fulfilled* in order for defendant to be found guilty of conspiracy. It is possible to find a defendant guilty of the conspiracy without finding that the defendant successfully

4

completed the underlying offense. The jury found the defendant in this case guilty of conspiracy to robbery without finding defendant's guilty of actual robbery charge. N.T. 5/10/06 at 3-63.  In this case, the planned robbery was aborted. N.T. 5/8/06 at 1-74.

The jury considered each of the necessary elements of robbery when determining the guilt of Jenkins regarding the conspiracy to commit robbery. Defendants were unable to complete the actual robbery due to the presence of the authorities at the bank. Id.  It would appear that the jury concluded that the defendants did however have the plan to rob in place, and had fulfilled the elements of *conspiracy* to commit robbery.

The elements of the underlying offense apply to conspiracy of the offense. In order for the jury to find defendants guilty of conspiracy to carjack, they must have considered each of the substantive elements. The elements of conspiracy to carjack are the same as the elements of carjacking. Any other interpretation of the statute would make conspiracy to carjack the same as conspiracy to rob a car. Defense counsel submits that it is the *specific elements* of carjacking that make conspiracy to carjack an entirely separate offense from conspiracy for robbery of any other type.

Obviously the defendant could have been found guilty of conspiracy to commit carjacking if all of the elements of that charge had been met and the plan was aborted. For instance if the police arrived and the car was not taken, or defendants went to the location and the car was not present or they went to the location and the car was there and taken but the victims were not present. This would be similar to the conspiracy to commit bank robbery conviction that was aborted by police presence although the government presented evidence that the necessary elements of the conspiracy were met.

The jury considered all of the elements of the substantive charge of carjacking and found the defendant not guilty of that offense. Due to the reasons listed below in the Rule 33 motion, they were not given the correct instructions on the conspiracy to commit carjacking charge.

**D. Firearm charge elements not met**

The government failed to prove the defendant guilty of conspiracy to commit carjacking. Accordingly, the conviction for the firearm must be also be reversed and remanded for entry of a judgment of acquittal.

**II.     MOTION FOR A NEW TRIAL PURSUANT RULE 33 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

Under Rule 33, this Court may "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33

**A. Verdict Against Weight of the Evidence**

Federal Rule of Criminal Procedure 33 provides that "on the defendant's motion the court may grant a new trial . . . if the interests of justice so require." A verdict against the weight of the evidence is a permissible reason to grant a new trial under Rule 33. United States v. Brennan, 326 F.3d 176, 189 (3d Cir. 2003). A district court can order a new trial based on the verdict being contrary to the evidence. Only if the court "believes that 'there is a serious danger that a miscarriage of justice has occurred-- that is, that an innocent person has been convicted.'" United States v. Johnson, 302 F.3d 139, 151 (3d Cir. 2002) (internal quotations omitted). Unlike an insufficiency of the evidence claim

under Rule 29, in which the district court views the evidence favorably to the government, a district court evaluating a Rule 33 motion instead exercises its own judgment in assessing the government's case. Brennan, 326 F.3d at 189. Although motions for a new trial based on the weight of the evidence are not favored, and are to be granted sparingly, and only in exceptional cases, Gov't of Virgin v. Derricks, 810 F.2d 50, 55 (3d Cir. 1987), Defendant contends that the guilty verdict in this case on the conspiracy to commit carjacking and using a firearm in furtherance of a conspiracy to commit carjacking. was a miscarriage of justice and the verdict was against the weight of the evidence.

**B. The Court Erred by not instructing the Jury on the Substantive Elements of Conspiracy to Commit Carjacking.**

The judge must instruct the jury as to the elements of the crime of conspiracy, in addition to the elements of the substantive offense involved in the conspiracy. United States v. Yasbin, 159 F.2d 705 (3d Cir. 1947). In Yasbin, the trial judge charged the jury on the elements of the crime of conspiracy, but did not instruct them on the elements of the substantive offense involved in the conspiracy, and his subsequent conviction was reversed. Id. In this case, the jury sent two notes asking for clarification of the elements of conspiracy to commit carjacking. The trial judge erred by not instructing the jury as to the substantive elements of a conspiracy to carjack. N.T. 5/10/06 at 3-61.

If jury instructions omit an element of the offense, constitutional error results because the jury has been precluded from finding each fact necessary to convict a defendant. Martinez v. Borg, 937 F.2d 422, 424 (9th Cir. 1991). For example, in United States v. Rawlings, 73 F.3d 1145, 1149 (D.C.Cir. 1996), the defendant was convicted of

7

possessing an unregistered firearm. When instructing the jury, the judge placed more importance on one element of the offense than the others. The Court of Appeals held that the judge's instruction was plain error, writing that, "Insofar as that instruction purported to establish a hierarchy among the offense elements, it was erroneous."

The Court further stated that the government was required to prove each element of the offense beyond a reasonable doubt and that no single element was more or less important than any other or required more or less proof. See also, United States v. Small, 472 F.2d 818 (3d Cir. 1972), holding that when the instructions fail to specify every essential element of the crime, the failure constitutes plain error which can be considered on appeal even though no objection was made at trial; United States v. Russell, 134 F.3d 171, 181 (3d Cir. 1998), holding that the failure to instruct on an essential element of the offense constitutes plain error; United States v. Stansfield, 101 F.3d 909 (3d Cir. 1996), holding that omission of essential element of the offense from the jury instructions "usually will be obvious error,"; Government of Virgin Islands v. Brown, 685 F.2d 834 (3d Cir. 1982), holding that the omission of an essential element of an offense in the charge to the jury ordinarily constitutes plain error.

In this case, the jury sent a note to the Court on two different occasions regarding the elements necessary to find the defendant guilty of conspiracy to commit carjacking. The first note asked if the elements to commit carjacking under the statute also apply to conspiracy to commit carjacking.  When the court answered that they did not apply, the jury then asked what elements they would need to consider in determining whether or not the conspiracy to carjack existed.  The court failed to properly answer their inquiry.   The Jury submitted the following questions to the Court:

>Question 1: Ref. to Count 4: Do the four elements of carjacking apply to conspiracy to commit carjacking?
>
>Question 2: If we find Jenkins not guilty on Counts 4, 5 or both can he still be found guilty on Count 7?

N.T. 5/10/06 at 3-50

The Court incorrectly answered the Jury's question.  When the court answered that the four elements of carjacking do not apply to conspiracy to carjack, the Jury then asked another question:

>JURY: Ref. to the answer you just gave us – if the elements of carjacking do not have to be met in Count 4 – What are the elements we need to consider?

The Court failed to provide an answer.  N.T. 5/10/06 at 3-61.

Jury instructions must leave the jury no doubt as to the circumstances under which the crime can be found to have been committed.  In a criminal case, the trial court has a duty to charge the jury on all essential questions of law, regardless of whether requested.  <u>U.S. v. Levy</u>, 153 F.2d 995 (3d. Cir. 1946).  In this case, the jury asked a question regarding the elements to be considered for conspiracy to carjack.  When the court attempted to answer their inquiry, they appeared to have "blank stares."

>THE COURT: "All right, let me see if I can make this a little clearer.  I'll read you the question.  "In reference to the answer you just gave us, if the four elements of carjacking do not have to be met in Count 4, what are the elements we need to consider to reach a decision?"  As you know, Count 4 is the conspiracy to commit carjacking, so if you find there's a conspiracy to commit carjacking even though - - you can find a conspiracy to commit the carjacking, even though some of the elements of carjacking have not been met for carjacking.  But if you find that the object of the conspiracy was to commit a carjacking, even though he didn't accomplish some of the ends, you can still find him guilty of conspiracy to do it.  Do you understand that?  Everyone is giving me a blank look.

> JUROR: There's a very layman's question I think we all have, but we're not sure how to ask it.
>
> JUROR: Are we allowed to ask questions?
>
> COURT: Well, no. You can send me another note. But the point is you don't have to accomplish the elements of the substantive crime, which in this case it's alleged is carjacking, to be guilty of conspiracy to commit that crime if that is what you intended to do.

N.T. 5/10/06 At 3-61.

The jury returned 45 minutes later with a guilty verdict. Id. At 3-63. The defendant submits that the jury did not understand the Court's answer to their question, and further, that the Court provided an *incorrect* answer to their questions.

Trial Court's instructions must be clear, accurate, complete and comprehensible, particularly with respect to essential elements of the alleged crime that must be proved by the Government beyond a reasonable doubt. U.S. v. Clark, 475 F2.d 240 (2d Cir. 1973). In Clark, reversal was required for plain error where instruction lumped together the two distinct elements of the crime charged, and failed to adequately define the crime, so that appellate court could not ascertain the basis upon which the jury reached its conclusion of guilt. Id.

Courts have held that the failure of the district judge to set forth clearly one of the essential elements of an offense creates such a significant flaw in the trial process as to require reversal of any convictions obtained for the offense involved. Smith v. Horn, 120 F.3d 400 C.A.3 (Pa.) 1997.

The defendant respectfully submits that the Court in this case incorrectly advised the jurors that they were not required to consider the elements of the underlying offense when determining if a conspiracy occurred.

10

## **CONCLUSION**

For the foregoing reasons, Defendant Kevin Jenkins respectfully requests that his Motion for Judgment of Acquittal be granted, or, in the alternative, that a new trial be granted .

Respectfully submitted,

2865

_____
Peter A. Levin
Attorney for Appellant
I.D. #09221
2001 Hamilton Street
Suite 501
Philadelphia, PA 19103
(215) 563-3454

## CERTIFICATE OF SERVICE

Peter A. Levin, Esquire, hereby certifies that a true and correct copy of the within Motion has been served upon by First Class Mail to:

>Jennifer Chun, Esquire
>Assistant United States Attorney
>615 Chestnut Street
>Suite 1250
>Philadelphia, PA 19106

>2865
>_____
>PETER A. LEVIN, ESQUIRE

Dated: 8/24/06