**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIMINAL NO. 04-506-2** |
| KEVIN JENKINS | : | |

**GOVERNMENT'S RESPONSE AND MEMORANDUM OF LAW
TO THE DEFENDANT'S MOTION FOR
JUDGMENT OF ACQUITTAL AND FOR A NEW TRIAL**

The United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Jennifer J. Chun, Assistant United States Attorney, hereby responds to defendant Kevin Jenkins' Motion for Judgment of Acquittal, or in the Alternative, for a New Trial. The government submits that the motion for judgment of acquittal should be denied, but that, in the interest of justice, the defendant should be afforded a new trial. The government requests that the retrial be scheduled to occur at the same time as the pending trial of co-defendant Eric Humbert on December 4, 2006.

Defendant Kevin Jenkins was charged with conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (Count 1); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), in relation to the bank robbery conspiracy (Count 2); conspiracy to commit carjacking, in violation of 18 U.S.C. § 371 (Count 4); carjacking, in violation of 18 U.S.C. § 2119 (Count 5); and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), in relation to the carjacking offenses described in

1

Counts 4 and 5 (Count 7).  The charges concerned events which took place on May 27, 2003,

when Jenkins and his co-defendants engaged in a violent carjacking to obtain a minivan to use in

a planned bank robbery, and that they failed to carry out.  The charges against Jenkins were

severed for trial from those pending against co-defendant Humbert.  Following a trial, the jury

convicted Jenkins of all counts with the exception of Count 5 (substantive carjacking charge), on

which he was acquitted.

       Jenkins now challenges his convictions only related to carjacking, that is, for

Counts 4 and 7.  He argues that the evidence was insufficient to prove these offenses, a

contention with which the government disagrees.  He also seeks a new trial on these counts,

asserting error in the jury instructions.  While that argument is not free from doubt, the

government acknowledges that it has some force.  Moreover, the government's examination of

the record has identified a similar and much plainer error in the jury instructions with regard to

the bank robbery charges (Counts 1 and 2), and therefore, even though Jenkins did not challenge

the conviction on those counts, the government believes that the interests of justice warrant a

new trial as to all counts of conviction.

    A.      THE EVIDENCE WAS SUFFICIENT FOR THE JURY TO CONVICT
              JENKINS FOR CONSPIRACY TO COMMIT CARJACKING AND USING A
              FIREARM DURING A CRIME OF VIOLENCE

       Jenkins moves this Court to dismiss the jury's guilty verdict on Counts 4 and 7

because the government's evidence was insufficient to sustain the convictions (Br. 2-5).[1]  Jenkins

---

       Jenkins moved for a Rule 29 motion at the end of the government's case, which was
denied.  Jenkins adds nothing more to his argument in support of the motion.

argues that there was insufficient evidence to prove the conspiracy because there was no

evidence that the defendant intended to commit carjacking.  In particular, Jenkins asserts that

there was insufficient evidence that he had the requisite intent to cause death or serious bodily

harm in order to gain control of the victims' vehicle.  Jenkins continues to ignore the

overwhelming evidence that supported his conviction of conspiracy to commit carjacking.

       In particular, Jenkins ignores: that he and co-defendant Eric Humbert used guns

during the commission of the carjacking; that the victims were in their seventies and physically

frail; that the victims were accosted at gunpoint; that after relinquishing the keys to the minivan,

the victims were both bound; that Mrs. Robinson thought she was going to be killed; that Mrs.

Robinson was taken to the hospital; and that the victims sustained bodily injury.

       The standard of review is "particularly deferential" when deciding whether a jury

verdict is based on legally sufficient evidence.  United States v. Cothran, 286 F.3d 173, 175 (3d

Cir. 2002), quoting United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998).  It is not a court's

role to weigh the evidence or to determine the credibility of witnesses.  Id.  In considering a claim

that the evidence was insufficient to support a conviction, a court considers "the evidence in the

light most favorable to the government and [will] affirm the judgment if there is substantial

evidence from which any rational trier of fact could find guilt beyond a reasonable doubt."

United States v. Frorup, 963 F.2d 41, 42 (3d Cir. 1992); accord, United States v. Gibbs,  190

F.3d 188 (3d Cir. 1999); United States v. McNeill, 887 F.2d 448, 450 (3d Cir. 1990).  Such a

claim of insufficiency of evidence, therefore, places a very heavy burden on a defendant. "To

sustain the jury's verdict, the evidence 'does not need to be inconsistent with every conclusion

save that of guilty.'"  United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990), quoting

Government of the Virgin Islands v. Williams, 739 F.2d 936, 940 (3d Cir. 1984).  Indeed,

"'[o]nly when the record contains no evidence, regardless of how it is weighted, from which the

jury could find guilt beyond a reasonable doubt, may an appellate court overturn the verdict"

McNeill, 887 F.2d at 450, quoting Bradom v. United States, 431 F.2d 1391, 1400 (7th Cir. 1970).

The intent requirement of the carjacking statute is satisfied by proof that the

defendant intended to cause death or serious bodily harm only if the victims had refused to turn

over the car.  Holloway v. United States, 526 U.S. 1, 11-12 (1999).  The defendant's intent is

assessed at the moment he demanded or took control over the victim's automobile.  Id.; United

States v. Augustin, 376 F.3d 135, 140 (3d Cir. 2004).  No explicit verbal threat to harm or kill is

required.  United States v. Burney, 35 Fed. Appx. 354, 355 (3d Cir. 2002) (not precedential).

Here, there is more than sufficient evidence, taken in the light most favorable to

the government, to permit a rational jury to conclude that Jenkins and Humbert had the intent to

cause death or serious bodily injury had the Robinsons not complied.  Jenkins and his co-

defendants were specifically searching for a minivan to steal in order to conduct the bank

robbery.  Tr. at 1-116.  Jenkins and Humbert took their guns to steal the minivan, Tr. 1-120 to 1-

121 and Exhibit 19B-1 at p. 6, and then accosted the victims with the guns.  Tr. at 2-10 and

Exhibit 19B-1 at p. 6.  After co-defendant Humbert demanded the keys to the minivan and

money, Mrs. Robinson said "you're kidding."  To which Humbert responded, "No ma'am, we're

not kidding."  Tr. at 2-10.  The defendant and Humbert took the keys and money from the

victims and then separated them.  Tr. at 2-11.  The defendant forced Mr. Robinson into the

bathroom where Jenkins bound him.  Id. and Exhibit 19B-1, p. 3.  Humbert bound Mrs.

Robinson's wrists and ankles and then tied them together behind her back in the master bedroom

where she was face down on the floor. Tr. at 2-12.  Mrs. Robinson feared for her life and her husband's.  Tr. at 2-11.  Humbert threatened Mrs. Robinson before he and Jenkins left with the car.  He took her license from her wallet, showed it to her and said "if you tell anyone about this or call the police, we will be back."  Tr. at 2-13.

All of this evidence, when considered in its totality, was more than sufficient for a rational trier of fact to find that Jenkins had the intent to cause death or serious bodily harm if the Robinsons had not given up the minivan.  Humbert made their intentions very clear when he told Mrs. Robinson that they were not kidding about taking the car.  All of the defendants' statements and actions made the intent of the defendant known to Mrs. Robinson, that if she and her husband did not give Humbert and Jenkins the keys to the minivan, they would be killed.  Even after being compliant, the Robinsons were still bound - Mr. Robinson left in the bathtub; Mrs. Robinson left face down on the bedroom floor.  These facts are further evidence of Jenkins' intent that if the Robinsons had not given up control of the minivan, that he and Humbert would have caused death or serious bodily harm.  Moreover, there is evidence that even with being compliant, the victims suffered bodily injury.  Mrs. Robinson went to the hospital and co-defendant Rasheen Jones stipulated that the victims suffered bodily injury.  Tr. at 2-17 and 1-184.  When the evidence is viewed in a light most favorable to the government, it was reasonable for a jury to conclude Jenkins was guilty beyond a reasonable doubt.

B.     JENKINS IS ENTITLED TO A NEW TRIAL BASED ON ERROR IN THE
       JURY INSTRUCTIONS

Rule 33(a) of the Federal Rules of Criminal Procedure provides that a court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Civ. P. 33(a).

Jenkins' principal complaint is that, in instructing the jury regarding the charge in Count 4 of conspiracy to commit carjacking (on which guilt for the 924(c) offense stated in Count 7 also necessarily depended), the Court did not fully instruct the jury regarding the pertinent elements. Specifically, Jenkins argues that the Court failed to explain that, in order to find a defendant guilty of conspiracy to commit a crime, the jury must be aware of the elements of the underlying substantive offense, and find that the defendant and his co-conspirators aimed to commit the substantive crime as so defined.

Before addressing the instructions given with respect to Counts 4 and 7, the government must first disclose that the error described by the defendant did in fact occur with respect to Counts 1 and 2, regarding attempted armed bank robbery. While the defendant has not raised this objection, the error with respect to those counts was plain, such that the defendant will be entitled to relief even if he first notices the mistake during the pendency of an appeal. The error therefore warrants correction at this time, through a new trial.

The defendant was charged only with conspiracy to commit armed bank robbery, not a substantive charge of bank robbery, because the robbery was not consummated. Although the defendant did not argue this point in his post-trial motions, the clear error is that the offense of armed bank robbery, which Count 1 alleged that Jenkins conspired to commit, was never

defined to the jury.  This error finds its source in the proposed instructions presented by the

government, which defined the elements of conspiracy, but not of substantive bank robbery.  The

Court followed the government's suggestions in this portion of the instructions.

While the jury need not find that the elements of the substantive offense occurred,

in order to convict for conspiracy, it must be informed as to what the substantive offense was that

was the object of the conspiracy.  In 1947, the Third Circuit reversed a conviction on this basis,

stating:

> An examination of the record in this case discloses that while the trial judge charged the
> jury as to the elements of the crime of conspiracy he did not instruct them as to the
> elements of the substantive offence involved in the conspiracy.  Consequently the
> judgment of the conviction is reversed . . . .

United States v. Yasbin, 159 F.2d 705 (3d Cir. 1947).

Likewise in this case, the government proposed and the court provided lengthy

instructions regarding conspiracy, but those instructions never mentioned the elements of bank

robbery.  Jenkins is therefore entitled to a new trial with regard to Count 1, charging conspiracy,

and the 924(c) charge in Count 2 which is dependent on a conviction for Count 1.

Turning to the objection which has been raised, Jenkins asserts that a similar error

occurred with respect to the carjacking-related charges, Counts 4 (conspiracy) and 7 (924(c)).

This matter is not as clear, but Jenkins' contention has arguable merit.

In contrast to the bank robbery allegations, Jenkins was charged with a substantive

carjacking offense, and therefore the Court did provide instructions and explain the elements

regarding carjacking.  Tr. 3-37 to 3-40.  In part, the court instructed that one of the elements was

that the defendant acted "with intent to cause death or serious bodily harm." Tr. at 3-37. The court provided a full explanation of the intent requirement. Tr. at 3-39 to 3-40.

With regard to conspiracy, the court instructed that one of the elements of conspiracy was that there was a "conspiracy, agreement or understanding to commit . . . carjacking on May 27th, 2003, as described in the Indictment," and that "the Defendant knew the purpose of the agreement and deliberately joined in it with the intent to further its unlawful purpose." Tr. at 33-29 to 33-30. These statements communicated the concept that conspiracy requires proof of the same mental state as required for the substantive offense, and that the substantive offense as defined by the court had to be the object of the conspiracy. In other words, the omission with respect to the charge of conspiracy to commit bank robbery was not repeated.

However, uncertainty was introduced as a result of the response to questions asked by the jury during deliberations. The jury first asked, "do the four elements of carjacking apply to conspiracy to commit carjacking?" To this the Court responded, "No. It's a separate crime." Tr. 3-53 to 3-54. The government acquiesced in this statement by the court, but the statement is incorrect, for the reasons explained earlier.

There was some clarification given, as the jury persisted and asked: "In reference to the answer you just gave us, if the four elements of carjacking do not have to be met in Count 4, what are the elements we need to consider to reach a decision?" The court responded:

> As you know, Count 4 is the conspiracy to commit carjacking, so if you find there's a conspiracy to commit the carjacking even though -- you can find a conspiracy to commit the carjacking, even though some of the elements of carjacking have not been met for carjacking. But if you find that the object of the conspiracy was to commit a carjacking, even though he didn't accomplish it or didn't accomplish some of the ends, you can still find him guilty of conspiracy to do it. Do you understand that? Everyone is giving me a blank look.

8

Tr. 3-61.  The court added:

> [T]he point is you don't have to accomplish the elements of the substantive crime, which in this case it's alleged is carjacking, to be guilty of conspiracy to commit that crime if that is what you intended to do.

Tr. 3-62.

It may be concluded that these final instructions did state to the jury that it had to find "that the object of the conspiracy was to commit a carjacking," and that the defendant "intended" to commit a carjacking, thus satisfying the need to inform the jury that there must have been an intent to commit the substantive offense defined by the court.  However, given the court's earlier and unambiguous statement that the elements of carjacking do not apply to the conspiracy allegation, the defendant's argument has some force that the instructions as a whole left some ambiguity.  This uncertainty is reinforced by the jury's verdict, in which the jury acquitted the defendant of substantive carjacking, but convicted of conspiracy.  This verdict raises the possibility that the jury, despite concluding that no carjacking occurred as defined by statute, believed that a conspiracy conviction could be returned for different reasons.

For these reasons, given the propriety of a new trial with respect to the bank robbery counts, and given the uncertainty of the sufficiency of the instructions regarding the carjacking counts, the government submits that a new trial is warranted.  The government regrets its failure to more properly advise the Court at trial regarding the correct instructions, and concludes that a new trial on all counts is appropriate here as the "interest of justice so requires." Fed. R. Civ. P. 33(a).

The government respectfully requests that the retrial be scheduled to occur at the same time as the trial of co-defendant Eric Humbert, scheduled for December 4, 2006.  The cases

of the defendants were severed before the May 2006 trial because Humbert refused to communicate with his lawyer, refused to wear the civilian clothes provided by his lawyer, and was restrained by a stun-belt.  At that time, the Court thought the appearance and behavior of Humbert would prejudice Jenkins.  These impediments no longer exist and in the interest of justice and judicial economy, the defendants should be tried together.

In conclusion, for all of the reasons stated above, the United States respectfully requests that the defendant's motion for judgment of acquittal under Rule 29 be denied and that a new trial under Rule 33 be granted.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals


JENNIFER J. CHUN
Assistant United States Attorney


Date: _____

<u>CERTIFICATE OF SERVICE</u>

I certify that on this day I caused a copy of the Government's Response and Memorandum

of Law In Response to the Defendant's Motion for Judgment of Acquittal and for a New Trial to

be served by first-class mail and  electronic filing to:


Peter A. Levin, Esq.
1927 Hamilton Street
Philadelphia, PA  19130


_____
Jennifer J. Chun
Assistant United States Attorney


Date: