**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|                              |   |                      |
|------------------------------|---|----------------------|
|                              | : |                      |
| UNITED STATES OF AMERICA     | : | CRIMINAL ACTION      |
|                              | : |                      |
| v.                           | : |                      |
|                              | : | No. 04-506-2         |
| KEVIN JENKINS                | : |                      |

## MEMORANDUM AND ORDER

**Schiller, J.**                                                    **November 9, 2006**

Defendant Kevin Jenkins moves this Court for a judgment of acquittal or, alternatively, a new trial, following convictions for conspiracy to commit armed bank robbery, conspiracy to commit carjacking, and related firearms charges.  For the following reasons, the Court grants Jenkins a new trial on the conspiracy to commit armed bank robbery conviction and the related firearms conviction but denies his motions for judgment of acquittal or a new trial with respect to the convictions for conspiracy to commit carjacking and the related firearms charge.

## I.      BACKGROUND

On September 23, 2004, Jenkins was charged under a 5-count superseding indictment with conspiracy to commit armed bank robbery, conspiracy to commit carjacking, carjacking, and two related firearms counts.  The Court severed Jenkins' case from that of his co-Defendant, Eric Humbert, and Jenkins proceeded to trial on May 8, 2006.  After a three-day jury trial, Jenkins was found guilty of conspiracy to commit armed bank robbery, conspiracy to commit carjacking, and both related firearms charges. (Trial Tr. vol. III, May 10, 2006, at 63-64.)  He was acquitted of the substantive offense of carjacking.  (*Id.*)

Defendant filed post-trial motions pursuant to Federal Rule of Criminal Procedure 29 for

judgment of acquittal and Federal Rule of Criminal Procedure 33 for a new trial on the counts related to conspiracy to commit carjacking.  Jenkins argues that the verdicts were against the weight of the evidence and that the Court gave misleading instructions to the jury regarding the elements necessary to convict for conspiracy.  (Mem. of Law in Supp. of Def.'s Post Trial Mots. [hereinafter Def.'s Mem.] at 7-10.)

The Government does not contest Jenkins' motion for a new trial.  Although the Government argues that the evidence is sufficient to sustain Jenkins' convictions for conspiracy to commit carjacking and the related firearms charge, it nevertheless agrees that a new trial is warranted on those counts because of possible juror uncertainty in light of the Court's answers to jury questions. Additionally, even though Jenkins did not challenge his convictions related to conspiracy to commit armed bank robbery, the Government requests that the Court grant a new trial on those counts because of plain error in the jury instructions.  (Gov't Resp. to Def.'s Mot. [hereinafter Gov't Resp.] at 6-7.)   Specifically, the Government noted that the Court failed to charge the jury on the substantive elements of armed bank robbery.  (*Id.*)

## II.    STANDARD OF REVIEW

In considering a claim that the evidence was insufficient to support a conviction pursuant to Federal Rule of Criminal Procedure 29, a district court views the evidence "in the light most favorable to the government and affirm[s] the judgment if there is substantial evidence from which any rational trier of fact could find [the defendant] guilt[y] beyond a reasonable doubt."  *United States v. Frorup*, 963 F.2d 41, 42 (3d Cir. 1992); *see also* FED. R. CRIM. P. 29.  If evidence emerges from the trial that supports the jury's verdict, regardless of how probative the court believes it to be,

then a defendant's motion for a new trial on insufficient evidence should be denied. *See United States v. McNeill*, 887 F.2d 448, 450 (3d Cir. 1989).

Pursuant to Federal Rule of Criminal Procedure 33, a court may grant a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33(a). Such circumstances exist where the verdict is against the weight of the evidence. *United States v. Brennan*, 326 F.3d 176, 189 (3d Cir. 2003). A new trial is warranted under this standard only if the court believes that "there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted." *United States v. Johnson*, 302 F.3d 139, 151 (3d Cir. 2002) (internal citations omitted). Motions for a new trial based a claim that the verdict is against the weight of the evidence should only be granted in exceptional cases. *Gov't of the Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987).

III.     DISCUSSION

A.     Defendant is Granted a New Trial on Conspiracy to Commit Armed Bank Robbery Counts

The Government seeks a new trial on Jenkins' convictions for conspiracy to commit armed bank robbery and the related firearms charge. The Government notes that it provided the Court with an incomplete proposed charge, to which Defendant did not object, that failed to include the substantive elements of armed bank robbery. (Gov't's Resp. at 6-7.) Because a conviction for conspiracy to commit a substantive offense necessarily requires that the jury be instructed on the elements of that offense, it was plain error for the Court not to charge the jury on the elements of armed bank robbery. *See United States v. Yasbin*, 159 F.2d 705, 705 (3d Cir. 1947). Thus, the Court grants Defendant a new trial on the charges of conspiracy to commit armed bank robbery (Count 1)

and use and possession of a firearm in relation to that alleged conspiracy (Count 3).  Having concluded that a new trial is warranted on the counts related to conspiracy to commit armed bank robbery, the Court turns to Defendant's motions for acquittal or a new trial with respect to conspiracy to commit carjacking.

**B.      Defendant is not Entitled to a Judgment of Acquittal on Carjacking Charges**

Jenkins argues that he is entitled to a judgment of acquittal on the conspiracy to commit carjacking charge because the Government failed to provide sufficient evidence that he conspired to take a vehicle with the intent to cause death or serious bodily injury.  (Def.'s Mem. at 3-4.)  In reviewing Defendant's Rule 29 claim, the Court views the evidence in the light most favorable to the Government.  *United States v. Iafelice*, 978 F.2d 92, 94 (3d Cir. 1992).

To convict for conspiracy, the government must prove beyond a reasonable doubt: (1) an agreement to commit a substantive offense; and (2) an overt act.  *See Salinas v. United States*, 522 U.S. 52, 63-64 (1997).  The substantive offense of carjacking occurs when a person, "with the intent to cause death or serious bodily harm[,] takes a motor vehicle . . . from the person or presence of another by force and violence or by intimidation . . . ."  18 U.S.C. § 2119 (2006).  Where, as here, the underlying crime contains a *mens rea* requirement, the government's burden to prove conspiracy includes an obligation to prove that the defendant possessed the requisite state of mind when the agreement was reached.  *See United States v. Brodie*, 403 F.3d 123, 147 (3d Cir. 2005).  Jenkins argues that the Government failed to provide sufficient evidence from which the jury could reasonably conclude that he possessed the requisite intent when he agreed to steal the victims' van.

Contrary to Defendant's assertion, his actions were entirely consistent with a finding that he conspired to steal a car with the requisite intent to cause serious injury or death if the victims did not

4

comply.  *See Holloway v. United States*, 526 U.S. 1, 11-12 (intent element of carjacking statute satisfied where government proves that defendant intended to cause serious bodily injury or death if the victim refuses to turn over the vehicle).  Defendant's argument, which focuses on the fact that Jenkins may not have possessed the intent to cause seriously injury or death at the precise moment he took control of the vehicle, fails to account for the distinction between conspiracy and the substantive offense and misconstrues the interplay between the intent and presence components of the carjacking statute.

Initially, whether Jenkins possessed the requisite intent while he was carrying out the robbery is legally insignificant for purposes of ascertaining whether he conspired to commit the crime of carjacking.  The inchoate crime is complete upon the agreement and an overt act.  *United States v. Kushner*, 305 F.3d 194, 198 (3d Cir. 2002).  Although Jenkins intent at the time he and his cohorts obtained control of the victims' car is irrelevant to whether he had the requisite intent when he agreed to steal the van, the events that transpired inside the home do provide circumstantial evidence of Jenkins' intent at the time of the agreement.  The manner in which Jenkins carried out the robbery – bursting into a home brandishing guns, demanding the keys to a van parked in the garage, and binding the victims – provides ample circumstantial evidence, including evidence bearing on intent, that Jenkins conspired to commit carjacking.  (Trial Tr. vol. II, May 9, 2006, at 10, 12.)  Thus, the jury reasonably could have found Jenkins guilty of conspiracy regardless of whether he lacked the intent to cause serious bodily injury or death at the precise moment he took control of the victims' vehicle because the jury reasonably could have concluded that he possessed the required intent when the agreement was reached.

Even assuming, *arguendo*, that to convict Jenkins of conspiracy the Government had to show

that he acted with the applicable intent while carrying out the robbery, Jenkins' argument still fails because the Government provided sufficient evidence to support that conclusion. As *Holloway* teaches, a defendant need only have a conditional intent to cause serious bodily injury or death if the victim refuses to turn over the car. 526 U.S. at 11-12. Moreover, a jury can infer the required intent to commit carjacking even if the defendant subdues the victim outside the immediate physical proximity of the car such that, at the exact moment the defendant seizes the car, he no longer possess the intent to cause serious injury or death. *See United States v. Lopez*, 271 F.3d 472, 486 (3d Cir. 2001) (affirming conviction for carjacking where defendants took keys from owner inside her home) (*citing United States v. Lake*, 150 F.3d 269, 272 (3d Cir. 1998) (carjacking conviction upheld where keys forcibly taken from woman whose van was parked on hilltop and not visible from location of robbery)). Thus, even if Jenkins' intent during the robbery was somehow relevant to whether he conspired to commit carjacking, the evidence supports the conclusion that he did possess the required *mens rea* because he obtained access to the victims' keys by force and threats and the fact that he did so outside the immediate presence of the target vehicle is of no consequence. *See Lopez*, 271 F.3d at 486.

Accordingly, Defendant's motion for a judgment of acquittal under Rule 29 is denied.

**C.      Verdict is Not Against the Weight of the Evidence on Carjacking Charges**

Jenkins argues that a new trial is warranted under Rule 33 because the verdict is contrary to the evidence. (Def.'s Mem. at 6-7.) In assessing a defendant's motion for a new trial on the ground that the verdict is contrary to the evidence, a district court exercises its own judgment of the weight of the evidence. *United States v. Brennan*, 326 F.3d 176, 189 (3d Cir. 2003). A new trial is warranted only if the court believes there is a serious danger that an innocent person has been

6

convicted.  *Johnson*, 302 F.3d at 150.

The Court declines to grant Jenkins a new trial pursuant to Rule 33 because there is not a serious danger that an innocent person has been convicted.  Even assessing the evidence without drawing inferences in favor of the Government, there is ample support for the jury's verdict.  One of Defendant's coconspirators testified at length about the plan to drive to New Jersey, steal a van, and rob a bank.  (Trial Tr. vol. I, May 8, 2006, at 106, 107.)  Moreover, Defendant entered the victims' home and, along with his coconspirator, obtained the victims' car keys by using both force and threats.  (Trial Tr. vol. II, May 9, 2006, at 9-13.)  Accordingly, Defendant's motion for a new trial under Rule 33 is denied.

### D.    Jury Instructions and Answers to Jury Questions Properly Apprized the Jury of the Issues and Governing Law

Jenkins also seeks a new trial on the basis of purported error in the Court's answers to jury questions regarding the elements necessary to convict for conspiracy to commit carjacking.  (Def.'s Mem. at 8-10.)  Jury instructions, taken as a whole, must "properly apprize[] the jury of the issues and the applicable law[,]" *United States v. Boone*, 458 F.3d 321, 326 (3d Cir. 2006), and answers to jury queries must not be misleading, unresponsive, or legally inaccurate.  *Bollenbach v. United States*, 326 U.S. 607, 612-13 (1946).  Jenkins claims that the Court erred in providing answers to two questions posed by the jury after deliberation began.  At the time the jury asked its first question, it had already been charged on both conspiracy and the substantive offense of carjacking during the jury instructions.  After receiving the first note, the Court expressed its contents to all counsel:

> "Question is, with reference to Count #4, that's conspiracy to commit carjacking, do the four elements of carjacking apply to conspiracy to commit carjacking?"

(Trial Tr. vol. III, May 10, 2006, at 50.)  Defense counsel argued that the answer was yes, because

"they need the elements of carjacking in order to say there was a conspiracy for carjacking." (*Id.* at 51.)  While it is true that a jury must be informed of the elements of carjacking to convict for conspiracy to commit carjacking, the jury need not find that the defendant committed those elements to conclude that a defendant is guilty of conspiracy.  Accordingly, when the jury was brought into the courtroom, the Court repeated their question and informed them: "No.  It's a separate crime." (*Id.* at 54.)

> After retiring back to the jury room, the jury sent another note:
>
> "In reference to the answer you just gave us, if the four elements of carjacking do not have to be met in Count 4, what are the elements we need to consider to reach a decision?"

(Trial Tr. vol. III, May 10, 2006, at 61.)  In response to this second query, the jury was brought back into the courtroom and the following exchange took place:

> COURT:  As you know, Count 4 is the conspiracy to commit carjacking, so if you find there's a conspiracy to commit carjacking even though – you can find a conspiracy to commit the carjacking, even though some of the elements of carjacking have not been met for carjacking.  But if you find that the object of the conspiracy was to commit a carjacking, even though he didn't accomplish it or didn't accomplish some of the ends, you can still find him guilty of conspiracy to do it.  Do you understand that?  Everyone is giving me a blank look.
> JUROR: There's a very layman's question I think we all have, but we're not sure how to ask it.
> JUROR: Are we allowed to ask questions?
> COURT: Well, no.
> COURT: You can send me another note.  But the point is you don't have to accomplish the elements of the substantive crime, which in this case it's alleged is carjacking, to be guilty of conspiracy to commit that crime if that is what you intended to do.  All right.

(*Id.* at 61-62.)  The jury was then sent back to the jury room and, forty-five minutes later, returned verdicts of not guilty on the substantive offense of carjacking and guilty on conspiracy to commit carjacking.

The jury instructions and the answers to the jury's questions properly apprized the jury of the issues and the governing law.  A jury need not find the elements of the substantive offense to convict for conspiracy; that is what distinguishes inchoate crimes (like conspiracy) from substantive offenses.  *See Iannelli v. United States*, 420 U.S. 770, 777 (1975).  The key statements by the Court – "[I]f you find that the object of the conspiracy was to commit a carjacking, even though he didn't accomplish it or didn't accomplish some of the ends, you can still find him guilty of conspiracy to do it" and "[T]he point is you don't have to accomplish the elements of the substantive crime, which in this case it's alleged is carjacking, to be guilty of conspiracy to commit that crime if that is what you intended to do" – are accurate and properly informed the jurors of the relationship between conspiracy and the substantive crime.  In contrast with the conspiracy to commit armed bank robbery charge, the jury was charged on the elements of the substantive offense.  Moreover, after the last exchange the jury did not send another note and returned its verdict quickly, indicating that the Court was responsive to the jury's concerns and that the jury was no longer confused.  *See United States v. Parr*, 716 F.2d 796, 809 (11th Cir. 1983).

Jenkins also argues that the verdicts in this case are somehow indicative of jury confusion.  This assertion is unpersuasive.  Indeed, a conviction on conspiracy and acquittal on the substantive offense demonstrates complete cognizance of the differentiation between the charges.  *See Soto v. United States*, Civ. A. No. 04-2108, 2005 WL 3078177, at *14 (D.N.J. Nov. 16, 2005).  In any case, the process of peering into the collective mind of a jury is fraught with uncertainty.  *See United States v. Powell*, 469 U.S. 57, 65 (1984).

Accordingly, the Court denies Defendant's motion for a new trial based on the jury instructions and answers to jury questions on conspiracy to commit carjacking.

9

**IV.     CONCLUSION**

The Court grants Defendant a new trial on the conspiracy to commit armed bank robbery charge and the related firearms charge (Counts 1 and 3).  The Court denies Defendant's post-trial motions for judgment of acquittal or, alternatively, a new trial on the conspiracy to commit carjacking charge and the related firearms charge (Counts 4 and 7).  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|                                       |   |                      |
|---------------------------------------|---|----------------------|
|                                       | : |                      |
| UNITED STATES OF AMERICA              | : | CRIMINAL ACTION      |
|                                       | : |                      |
| v.                                    | : |                      |
|                                       | : | No. 04-506-2         |
| KEVIN JENKINS                         | : |                      |

<u>**ORDER**</u>

**AND NOW**, this **9th** day of **November**, **2006**, upon consideration of Defendant's post-trial motions, the Government's response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1.  Defendant is **GRANTED** a **New Trial** on Count 1 (conspiracy to commit armed bank robbery) and Count 3 (possession of a firearm in furtherance of the conspiracy alleged in Count 1).

2.  Defendant's motion for a new trial on Counts 4 and 7 (Document No. 125) is **DENIED**.

3.  Defendant's motion for a judgment of acquittal on Counts 4 and 7 (Document No. 126) is **DENIED**.

BY THE COURT:

_____

**Berle M. Schiller, J.**