# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 04-506-2

KEVIN JENKINS

<u>ORDER</u>

AND NOW, to wit, this _____ day of _____, 2007, it is hereby ORDERED and DECREED that Defendant's Motion in Limine is GRANTED.

BY THE COURT:

_____
                                     J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

    v.                      CRIMINAL NO. 04-506-2

KEVIN JENKINS

   :

## MOTION IN LIMINE

      The Defendant herein, Kevin Jenkins, by and through his counsel Peter Levin, Esquire, does hereby move this Court in limine to exclude any and all reference by the prosecution during its opening statement, during direct or cross-examination of any witness, and during their closing statements, of the following: (1)any reference to an alleged statement made by defendant in that it involves nothing involving the charge of conspiracy to commit a bank robbery; (2)any reference to the theft of a minivan from 516 Robinson Road, Carney's Point, New Jersey; (3) any reference to the character of the defendant pursuant to Federal Rule of Criminal Procedure 404(a)(1), or to other arrests, crimes, wrongs or acts pursuant to Rule 404(b) or any other which should be excluded pursuant to Rule 403; (4)any reference to any activity that took place inside the residence of 516 Robinson Road, Carney's Point, New Jersey involving the defendant or any codefendants or co conspirators.

    In support thereof the defendant represents:

1. On September 23, 2004, a Grand Jury sitting in the Eastern District of Pennsylvania returned a 7-count Indictment. Defendant was charged with:

Count No. 1: Conspiracy to commit armed bank robbery, in violation of 18 U.S.C. §371 (1 count); Counts No. 3 and 7: Using a Firearm during a crime of violence of 18 U.S.C. §924

(c)(1), (2 counts); and Count No. 4: Conspiracy to commit car jacking, in violation of 18 U.S.C. §371, (1 count) and Count 5, carjacking.

2. On May 5, 2006, the defendant appeared before the Honorable Berle M. Schiller for a jury trial and entered a plea of not guilty. He was found guilty by the jury verdict of conspiracy to commit armed bank robbery, using a firearm during a crime of violence and conspiracy to commit car jacking. (Counts 1, 3,4, and 7).He was found not guilty of Count 5, car jacking.

3. On October 25, 2006, the defendant was granted a new trial on counts One and count Three..

4. The government has just notified defense counsel of its intention to introduce evidence relating to the car jacking that took place inside the residence of 516 Robinson Road, Carney's Point, New Jersey involving the defendant , codefendants and co conspirators.

5 The government has said it intends to introduce evidence relating to DNA of defendant t found inside the residence, the defendant's confession relating to what took place inside the residence and testimony from the inhabitants of the residence.

6. Defendant has already being convicted of conspiracy to commit car jacking and has been found not guilty of car jacking..

7. The probative value of the evidence the government seeks to introduce is substantially outweighed by its prejudicial impact. Moreover, it is confusing and a waste of time in light of the specific allegations in the indictment.

       WHEREFORE, the defense motion should be granted.

                              Respectfully submitted,

                              2865
                              _____
                              Peter A. Levin, Esquire
                              1927 Hamilton Street
                              Philadelphia, PA 19130
                              (215) 563-3454

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

      v.                                                     **CRIMINAL NO. 04-506-2**

**KEVIN JENKINS**
      :

## MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE
## INTRODUCTION

Kevin Jenkins is charged in an indictment with Conspiracy to commit armed bank robbery, in violation of 18 U.S.C. §371 and using a Firearm during a crime of violence of 18 U.S.C. §924 (c)(1). He was previously found guilty of conspiracy to commit car jacking and not guilty of car jacking.

The government has just notified defense counsel of its intention to introduce evidence relating to DNA of defendant found inside 516 Robinson Road, Carney's Point, New Jersey, the defendant's confession relating to what took place inside the residence and testimony from the inhabitants of the residence.

This evidence is not admissible under Federal Rule of Evidence 404(b). Moreover, the prejudicial impact of this evidence substantially outweighs any conceivable probative value, making it inadmissible under Rule 403. Furthermore, the presentation of this evidence is not essential to the government's case, will confuse the jury and waste the court's time. The government should be precluded from introducing this evidence at trial.

## DISCUSSION

**Federal Rule of Evidence 403** precludes provides for the exclusion of relevant evidence on the grounds of prejudice, confusion or waste of time. It provides that :

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or, by consideration of undue delay, waste of time, or needless presentation of cumulative

evidence.

Federal Rule of Evidence 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by its propensity to unfairly prejudice the defendant, confuse the ultimate issues in controversy or otherwise mislead the jury, or impact other trial concerns.  See United States v. Van Horn, 277 F.3d 48, 57 (1st Cir. 2002); United States v. Brugman, 364 F.3d 613, 620 (5th Cir. 2004); United States v. Joseph, 310 F.3d 975, 978 (7th Cir. 2002); United States v. Mejia-Uribe, 75 F. 3d 395 (8th Cir. 1996), cert. denied, 519 U.S. 855 (1996); United States v. Spilone, 879 F.2d 514 (9th Cir. 1989). cert. denied 498 U.S. 878 (1990); United States v. Pollock, 926 F.2d 1044 (11th Cir. 1991), cert. denied, 502 U.S. 985 (1991).

If, arguendo, defendant's activity at 516 Robinson Road, Carney's Point, New Jersey, possesses a detectable amount of probative value, the prejudicial impact to the defendant as a result of the admission of this evidence substantially outweighs any possible probative value.

**Federal Rule of Evidence 404** provides in relevant part:

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith.  It may, however, be admissible  for other purposes, such as prrof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident….

Evidence of extrinsic offenses or other acts of misconduct are inadmissible at trial unless such evidence falls within the narrowly prescribed exceptions sanctioned by Rule 404(b) of the Federal Rules of Evidence.  Ansell v. Green Acres Contr. Co., 347 F.3d 515, 520 (3d. Cir. 2003).  In certain cases, evidence of the commission of other crimes, wrongs, or acts of misconduct may be admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  Fed. R. Evid. 404(b).  However, in no event is such evidence admissible for the purpose of showing that the defendant has a criminal disposition in order to generate the inference that he committed

the crime with which he is charged. Gov't of the Virgin Islands v. Pinney, 967 F.2d 912, 914 (3d. Cir. 1992) ("Rule 404(b) prohibits the admission of evidence concerning prior criminal acts for the purpose of showing that a defendant has a propensity or disposition for criminal activity").

The 3rd Circuit has noted that the rule serves to ensure that an accused is not subject to conviction on the basis of crimes with which he is not charged. U.S. v. Long, 574 F.2d 761, 769 (3d Cir) cert. denied, 439 U.S. 1985 (1978). Even when introduced for another relevant purpose, "evidence of other criminal misconduct will frequently carry with it a danger that the jury will draw the forbidden inference that a person who has committed criminal acts once, is likely to do so again." Id. at 769. Accordingly, the safeguards of the rule are necessary to allow an accused a fair opportunity to defend against a particular charge, and to avoid the danger of being convicted merely because the jury believes he or she has a generally bad record. U.S. v. Jemal, 26 F.3d 1267, 1272 (3d Cir. 1994) and Michaelson v. United States, 355 U.S. 469, 475-476 (1948).

Although the 3rd Circuit has recognized the admissibility of prior bad acts pursuant to the narrow exceptions of Rule 404(b), it has also expressed concern over abuses of the rule. Government motives to admit prior bad act evidence"[are] often mixed between an urge to show some other consequential fact as well as to impugn the defendant's character." Jemal, 26 F.3d at 1272, quoting United States v. Sampson, 980 F.2d 883, 886 (3d. Cir. 1992). As a result, the district court must carefully weigh the probative value of the evidence against its potential to cause undue prejudice and articulate a rational explanation on the record for its decision to admit or exclude the evidence. Sampson, 980 F.2d at 889. Specifically, before any evidence of other crimes, wrongs, or acts can be admitted, the Government must meet the following prerequisites:

1. The evidence must have a proper purpose under Rule 404(b);
2. the evidence must be relevant pursuant to Rule 402;
3. the evidence's probative value must outweigh its prejudicial effect in conformance with Rule 403; and,

6

4. the court must charge the jury to consider the evidence only for the purpose for which it was admitted.

Huddelston v United States, 485 US 681 (1988) and U.S. v. Vega, 285 F.3d 256, 261 (3d Cir. 2002).

Of particular importance is the balancing of the probative value of the evidence against its prejudicial effect. This balancing test is the modern bastion of a long standing tradition that protects a criminal defendant from "guilt by reputation" and "unnecessary prejudice." U.S. v. Cook, 538 F.2d 1000, 1004 (3d. Cir. 1976). Because the weighing entails competing interests, it is delicate, and must be employed with care so that accommodation to the prosecutor's needs does not result in subverting a principle that is central to our concept of fairness. *Id.* Accordingly, the exceptions to Rule 404(b) should not be allowed to swallow the rule. *Id.*

In Gov't of the Virgin Islands v. Pinney, the defendant was charged with aggravated rape of a seven year old girl. 967 F.2d at 913. At trial, a witness testified that she had been raped by defendant when she was six years old in the same apartment where the charged rape had occurred. *Id.* at 913-914. Defendant was convicted and sentenced to a 15-year prison term. *Id.* at 914. On appeal to the 3rd Circuit, defendant argued that the prejudice stemming from the witness's testimony outweighed its probative value, and that accordingly he was deprived of a fair trial. *Id.* The court agreed, and the conviction was reversed--although relevant to prove intentional action, the testimony led the jury to make a character-based inference prohibited by Rule 404(b). *Id.* at 918.

Similarly, in the case at issue, even if evidence that Defendant had participated in car jacking would arguably be relevant, it has great potential for unfair prejudice. If the jury were allowed to focus on Defendant's alleged prior conduct, they could be led to draw a character-based inference that he had a propensity to commit the charged conduct at issue . Accordingly, the danger of prejudice stemming from the prior bad act evidence outweighs any probative value it may have.

Allowing evidence of the car jacking case to come in to this case will likely result in a trial within a trial as the facts of that incident are explored in detail. There is a definite danger of the jury convicting on improper grounds. This danger of an unsafe conviction requires exclusion of the proffered evidence. Evidence of the car jacking case would be confusing and misleading to the jury. The jury is very likely to infer from the previous incident that defendant's character is that of a car jacker and therefore he must have been involved in the conspiracy charged in this case. This is not the intent of Rule 404. The unfair prejudice completely outweighs any probative value of the proffered evidence and should be barred.

**CONCLUSION**

Introduction of the above mentioned evidence could influence the jury to reach a decision on a purely emotional basis. The harm likely to result from its admission far outweighs the probative value and need for the evidence

Thus, Federal Rules of Evidence 403 and Rule 404(b) as well as fundamental due process considerations of fairness preclude the introduction of, or references to, the above mentioned evidence and it is urged that this Court so rule.

                Respectfully submitted,

                2865
                _____
                Peter A. Levin, Esquire
                1927 Hamilton Street
                Philadelphia, PA 19130
                (215) 563-3454

## CERTIFICATE OF SERVICE

Peter A. Levin, Esquire, hereby certifies that a true and correct copy of the within Motion has been served upon by First Class Mail to:

> Jennifer Chun, Esquire
> Assistant United States Attorney
> 615 Chestnut Street
> Suite 1250
> Philadelphia, PA 19106

2865

_____
PETER A. LEVIN, ESQUIRE

Dated: 4/5/07