IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 04-506-2 |
| KEVIN JENKINS | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

The United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Jennifer J. Chun, Assistant United States Attorney, hereby submits its opposition to defendant Kevin Jenkins' Motion *In Limine* on the following grounds:

**I. BACKGROUND**

On May 10, 2006, a jury convicted defendant Kevin Jenkins of conspiracy to commit armed bank robbery (Count One), conspiracy to commit carjacking (Count Four), and using a firearm in furtherance of crime of violence (Counts Three and Seven). The Court granted the government's request for a new trial on Counts One and Three, the conspiracy to commit armed bank robbery and related gun charge.

**II. DEFENDANT'S MOTION *IN LIMINE* SHOULD BE DENIED.**

Defendant Jenkins moves to preclude the government from offering the following evidence: (1) defendant's statements; (2) carjacking the minivan from the Robinson's home; (3) 404(b) evidence; and (4) events that took place inside the Robinson's home. Defendant's motion is meritless and should be denied.

1

The government is not offering extrinsic 404(b) evidence of other bad acts. The facts surrounding the carjacking are intrinsic evidence used to prove the conspiracy to commit armed bank robbery. These facts are alleged as overt acts in the conspiracy to commit armed bank robbery charge, Count One. The Third Circuit clearly finds that Rule 404(b) does not extend to evidence of acts which are 'intrinsic' to the charged offense. United States v. Cross, 308 F.3d 308, 320 (3d Cir. 2002). It holds that acts are intrinsic when they directly prove the charged conspiracy. Id. Here, stealing the minivan directly proves the conspiracy because the minivan was a necessary component to committing the armed bank robbery. Thus, the fact that the minivan was stolen from the Robinson's home is intrinsic evidence and admissible.

Defendant admitted that co-conspirator Eric Humbert went into the Robinson's home with him to steal the minivan while Rasheen Jones waited outside. Defendant admitted that he and Humbert had guns. DNA evidence directly proves that Jenkins and Humbert were inside the Robinson's house to steal the minivan. Defendant admitted how he and his co-conspirators traveled to Salem County and where he parked his car. He also admitted his telephone number. Jenkins' statements verify important details of the conspiracy, namely the identity of his co-conspirators, that guns were going to be used during the commission of the armed bank robbery, and corroborating details of the getaway. Defendant's admissions and the DNA are intrinsic evidence to prove the conspiracy to commit armed bank robbery and are admissible.

Finally, defendant Jenkins argues that what happened inside the Robinson's home should be precluded. The government agrees that the sexual assault on Mrs. Robinson is unnecessary to prove the conspiracy of the armed bank robbery. The government only intends to admit evidence relating to the facts surrounding the minivan and that defendant and his co-

2

conspirator Humbert had guns.  The government does not intend to show photographs of the master bedroom where the attack took place nor admit the physical evidence from the bedroom.  The government expects that defendant will stipulate that Humbert's DNA was recovered from the house, thereby eliminating any reference to a sexual assault.  Moreover, Mrs. Robinson will be instructed not to reference the sexual assault on direct examination.

Evidence surrounding how and why defendant and his co-conspirators stole the Robinson's minivan is intrinsic evidence and therefore, admissible to prove the conspiracy to commit armed bank robbery.

### III. CONCLUSION

For all of the reasons stated above, the United States respectfully requests that the defendant's motion *in limine* is denied.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


_____
JENNIFER J. CHUN
Assistant United States Attorney

Date: _____

<u>CERTIFICATE OF SERVICE</u>

I certify that on this day I caused a copy of the government's Response to the Defendant's Motion *In Limine*, to be served by first-class mail and electronic filing to:

        Peter A. Levin, Esq.
        1927 Hamilton Street
        Philadelphia, PA 19130

        _____
        Jennifer J. Chun
        Assistant United States Attorney

Date  April 10, 2007