IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 04-506 |
| KEVIN JENKINS | : | |

GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Kevin Jenkins was involved in a series of violent and heinous crimes. While the defendant did not participate in the sexual assault of Mrs. Robinson, his behavior was extremely callous and equally on par with an individual who has no concern for the dignity of other human beings. Jenkins, a convicted felon for whom it was illegal to possess a gun, pointed a .45 caliber semi-automatic directly at Mr. Robinson, tied him up, threw him in the bathtub, and locked Mr. Robinson inside the bathroom. After violently disposing of his victim, Jenkins sat and waited for co-defendant Eric Humbert to finish raping Mrs. Robinson. His inaction speaks volumes of Jenkins' lack of character. In fact, the defendant smoked a cigarette while keeping a look out from the window. He extinguished the cigarette on the desk top. This act is commensurate with a person who holds no respect for others.

The defendant confessed to the home invasion but refused to be forthright about the underlying conspiracy. Defendant's admission was purely motivated by not wanting to be blamed for the sexual assault, not by truly doing the right thing. In fact, the defendant initially lied to investigators about being in Salem County at all. DNA and cellular telephone records showed unequivocally, however, that Jenkins was not only in Salem County, but also in the

Robinson's home. He continued to obstruct justice when he perjured himself before a state court and failed to admit the underlying reason for the carjacking, that is, the armed bank robbery.

Based on the nature of the offense and the facts surrounding the crime, the defendant's guidelines range of 480 months is an appropriate sentence in this case.

The Third Circuit has set forth a three-step process which the district courts must follow in compliance with the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005):

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.
>
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force.
>
> (3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (quotation marks, brackets, and citations omitted), citing United States v. King, 454 F.3d 187, 194, 196 (3d Cir. 2006); United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006). In calculating the guideline range, this Court must make findings pertinent to the guideline calculation by applying the preponderance of the evidence standard, in the same fashion as was employed prior to the Booker decision. United States v. Grier, 475 F.3d 556 (3d Cir. 2007) (en banc).

At the third step of the sentencing process, the Court must consider the advisory guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence. "The record must demonstrate the trial court gave

meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." Cooper, 437 F.3d at 329.  See also Rita v. United States, 127 S. Ct. 2456, 2468 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); United States v. Schweitzer, 454 F.3d 197, 205-06 (3d Cir. 2006).

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, which support a guideline sentence of 480 months in this case.

I.  BACKGROUND

On or about May 10, 2006, a jury found the defendant guilty of conspiracy to commit armed bak robbery and carjacking, in violation of 18 U.S.C. § 371, and two counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  The defendant was granted on new trial on the conspiracy to commit armed bank robbery charge and related gun offense.  He was subsequently convicted of both by a jury on or about June 13, 2006.

II.     SENTENCING CALCULATION.

    A.      Statutory Maximum Sentence.

    The maximum sentence that may be imposed on the defendant is life imprisonment.

    B.      Sentencing Guidelines Calculation.

    In this case, as stated in the presentence report (PSR), the correct guideline calculation is as follows. Defendant's base offense level is 20 pursuant to U.S.S.G. §§ 2X1.1 & 2B3.1. There is a two-level enhancement because the property of a financial institution was the object of the offense. U.S.S.G. § 2B3.1(b)(1). Another four levels are added because the victims sustained bodily injury. U.S.S.G. § 2B3.1(b)(3)(B). A two-level enhancement is appropriate because the victims were restrained pursuant to U.S.S.G. § 2B3.1(4)(B). Finally, another three levels are added; two because the offense involved a carjacking and one because the loss was more than $10,000. U.S.S.G. §§ 2B3.1(b)(5) & (7)(B). The defendant's total offense level is 31, criminal history category III. His guidelines range135-168. An additional mandatory minimum 30 years runs consecutively to this sentence. Because the statutory maximum sentence for conspiracy to commit armed bank robbery and carjacking is five years for each offense, the guidelines range is reduced to the statutory maximum of 120 months. With the mandatory minimum consecutive 30 years sentence, defendant's guidelines range is 480 months.

    Once the Court has properly calculated the guideline range, the Court must next consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to

promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[1]

A full review of all pertinent factors supports the conclusion that a sentence of 480 months is appropriate in this case.

III. ANALYSIS.

    A. Importance of the Guideline Range.

The advisory guideline range, the only means which exists for carrying out the Congressional policy of seeking uniformity in sentencing, carries considerable weight even after Booker. As the Third Circuit stated, "a within-guidelines range sentence is more likely to be reasonable than one that lies outside the advisory guidelines range . . . ." Cooper, 437 F.3d at

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

331. The Court later noted: "The farther a sentence varies from the advisory guidelines range, the more compelling the judge's reasons must be." United States v. King, 454 F.3d 187, 195 (3d Cir. 2006), quoting United States v. Jordan, 435 F.3d 693, 696-97 (7th Cir. 2006); United States v. Manzella, 475 F.3d 152, 161 (3d Cir. 2007). Most recently, the Supreme Court decided in Rita v. United States, 127 S. Ct. 2456 (2007), that an appellate court may presume that a within-guideline sentence is reasonable. While this presumption does not apply before the district court, id. at 2465, the Supreme Court's observation is informative that "the presumption reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one." Id. at 2463 (emphasis in original).

Accordingly, the Third Circuit has reversed substantial downward variances as unreasonable. See United States v. Goff, 2007 WL 2445637 (3d Cir. Aug. 30, 2007) (reversing sentence of 4 months imprisonment for possession of child pornography, below the range of 37-46 months); United States v. Tomko, 2007 WL 2350765 (3d Cir. Aug. 20, 2007) (in a tax evasion case, rejecting a sentence of three years probation (with one year of house arrest), below the guideline range of 12-18 months).

  B. Application of the § 3553(a) Factors.

    In this case, no unusual circumstances exist which warrant an exception to the sound basis for guideline sentencing. Section 3553(a)(4) and (5) specifically direct the Court to consider the applicable guidelines, and Section 3553(a)(6) commands that the Court strive to

avoid disparity in sentencing, which is best accomplished through faithful application of the guidelines. The other 3553(a) factors also point to this conclusion.

The defendant engaged in a serious and violent offense. As a convicted felon, he was prohibited from possessing a firearm. He not only did so, but was involved in a brutal and dangerous offense. The victim impact of the crime easily offers the Court support for fashioning a sentence at 480 months. His crime falls squarely within the class of cases to which the applicable guidelines are addressed, and thus consideration of the nature of the offense, § 3553(a)(1), counsels in favor of the guideline sentence. In this case, the defendant receives a benefit because the statutory maximums reduce his guidelines range which would have been 495-528 months.

Further, the defendant's history supports the need for significant incarceration. He has been convicted of felony gun and robbery offenses and has multiple drug arrests. It is clear that the recommended term of imprisonment is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Furthermore, the recommended sentence of incarceration affords adequate deterrence to others who would commit a similar offense, and protects the public from further crimes of the defendant, for at least as long as he remains incarcerated. § 3553(a)(2).

There is no need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." § 3553(a)(2)(D). Also, restitution is not an issue in this case. § 3553(a)(7).

At the same time, the defendant has not set forth any persuasive argument for leniency. Thus, the government requests a the Court to sentence the defendant to 480 months.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney


_____
JENNIFER J. CHUN
Assistant United States Attorney

CERTIFICATE OF SERVICE

      I certify that on this day I caused a copy of the government's sentencing memorandum, to be served by first-class mail and electronic filing to:

      Peter A. Levin, Esq.
      1927 Hamilton Street
      Philadelphia, PA 19130

      _____
      Jennifer J. Chun
      Assistant United States Attorney

Date: November 20, 2007