IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 04-506-2 |
| | : | |
| | : | |
| KEVIN JENKINS | : | |

## MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Movant, Kevin Jenkins, through undersigned counsel, respectfully moves this Court to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2255. Movant was convicted and sentenced under 18 U.S.C. § 924(c) for using or carrying a firearm in furtherance a crime of violence. After the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2552 (2015), Movant's predicate crime does not qualify as a crime of violence under § 924(c); the resulting conviction and sentence violate due process of law. Movant respectfully requests that this Court grant this motion, vacate his § 924(c) conviction and sentence, and re-sentence him without § 924(c)'s mandatory minimum and any related sentencing enhancements.

**I.    Procedural History.**

On December 16, 2009, this Court entered a judgment convicting Movant of conspiracy to commit armed bank robbery (Count 1), conspiracy to commit armed carjacking (Count 4), and using a firearm in the commission of that offense, in violation of 18 U.S.C. § 924(c) § 924(c)(1)(A)(i) (Count 7).[1] The Court sentenced Movant to 84 months' imprisonment pursuant

---

[1] Movant was originally sentenced on December 3, 2007, but the Third Circuit remanded the case for resentencing on the above counts only.

1

to § 924(c)'s mandatory minimum,[2] to run consecutively to 120 months' imprisonment for the other counts of conviction.[3]

## II. Grounds for Relief.

### a. The *Johnson* Decision.

In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), Movant's conviction and sentence under § 924(c) violate due process of law. In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. Before *Johnson*, the ACCA defined a violent felony as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> > i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The ACCA's definition of violent felony is divided into three distinct clauses. An offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another" falls under the "force clause." Burglary, arson, extortion, and offenses involving the use of explosives fall under the "enumerated offense clause." An

---

[2] The indictment alleged that the firearm was used and carried in relation to a crime of violence, which mandates a five-year consecutive penalty under § 924(c)(1)(A)(i). It appears that the Court found that the firearm was brandished, and imposed the seven-year consecutive penalty under § 924(c)(1)(A)(ii).
[3] The Court imposed 60 months on each conspiracy count to run consecutively, for a total of 120 months on those counts.

offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" falls under the "residual clause."

In *Johnson*, the Supreme Court held that the language of ACCA's residual clause was so vague as to deny fair notice of what conduct is prohibited and invite arbitrary enforcement in violation of due process. *Johnson*, 135 S. Ct. at 2557-59. Section 924(c) includes a materially identical (though not identically worded) residual clause in its definition of "crime of violence":

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*.

18 U.S.C. § 924(c)(3) (emphasis added).[4] Cases interpreting the residual clauses of § 924(c)(3) and 18 U.S.C. § 16(b)—a provision identical to § 924(c)(3)(B)—regularly rely on ACCA cases, and *vice-versa*. The two features that rendered ACCA's residual clause unconstitutional are equally present in § 924(c)'s residual clause. *See Johnson*, 135 S. Ct. at 2557-58 ("Two features of the residual clause conspire to make it unconstitutionally vague. In the first place, the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime. It ties the judicial assessment of risk to a judicially imagined "ordinary case" of a crime, not to real-world facts or statutory elements. . . . At the same time, the residual clause leaves uncertainty about

---

[4] The definition of "crime of violence" in § 924(c)(3) is divided into an "element-of-force clause" and a "residual clause."

3

how much risk it takes for a crime to qualify as a violent felony."). Accordingly, *Johnson* invalidates the residual clause § 924(c)(3).

In evaluating whether an offense is a "violent felony" under the ACCA or a "crime of violence" under § 924(c), courts apply a "categorical approach," meaning they "look only to the statutory definitions—*i.e.*, the elements—of a defendant's prior offenses, and not to the particular facts underlying those convictions." *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (ACCA) (internal quotation marks omitted); *United States v. Brown*, 765 F.3d 185, 189 & n.2 (3d Cir. 2014) (career offender guideline). An offense is a "categorical" match only if all of the conduct covered by the statutory definition, "including the most innocent conduct," matches or is narrower than the definition of a "crime of violence" supplied by § 924(c). *United States v. Shell*, 789 F.3d 335, 339 (4th Cir. 2015) (discussing the career offender guideline); *see also Brown*, 765 F.3d at 189.

Notably, the Solicitor General's brief to the Supreme Court in *Johnson* expressly acknowledged that § 16(b) "is equally susceptible to petitioner's central objection to the residual clause," that it is unconstitutionally vague, because, "[l]ike the ACCA, Section 16 requires a court to identify the ordinary case of the commission of the offense . . . ." Supplemental Brief of United States, *Johnson v. United States*, 2015 WL 1284964, at *22-23 (Mar. 20, 2015). Since *Johnson*, several courts of appeals and district courts have found the residual clauses of §§ 924(c)(3)(B) and 16(b) are unconstitutional. *See United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016) (holding § 16(b)'s definition of "crime of violence" unconstitutionally vague under *Johnson*), *reh'g en banc granted* (Feb. 26, 2016); *Dimaya v. Lynch*, 803 F.3d 1110, 1111 (9th Cir. 2015) (§ 16(b)'s identical residual clause is void for vagueness); *United States v. Edmundson*, —F. Supp. 3d—, 2015 WL 9582736 (D. Md. Dec. 30, 2015) (holding §

4

924(c)(3)(B) void for vagueness); *United States v. Bell*, No. 15-cr-258, 2016 WL 344749, at *12-*13 (N.D. Cal. Jan. 28, 2016) (same); *United States v. Lattanaphom*, No. 99-cr-433, 2016 WL 393545, at *6 (E.D. Cal. Feb. 2, 2016) (same); *see also Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (authorizing a successive § 2255 motion where petitioner made prima facie showing that his convictions were based on § 924(c)(3)'s residual clause, which is identical to the clause in § 16(b) already held unconstitutionally vague under *Johnson* in *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015)).

### b. The predicate crimes for Movant's § 924(c) conviction "do not qualify as "crimes of violence"; Movant's conviction and sentence violate due process of law.

After *Johnson*, Movant's conviction and sentence under § 924(c) must be vacated because he does not have a predicate crime of violence. Movant's predicate crimes of conspiracy to commit armed bank robbery and conspiracy to commit carjacking are inchoate in nature and do not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another," as required by the element-of-force clause of § 924(c)(3). A violation of 18 U.S.C. § 371 does not categorically require, or even contemplate, the use of force. Rather, the offense requires only an agreement to commit the target offense and an overt act directed toward that end. There is no requirement that the overt act itself involve violent force. As such, these predicate offenses do not constitute crimes of violence post-*Johnson*.[5]

---

[5] Moreover, even the object offenses of the conspiracy counts, armed bank robbery and armed carjacking, do not categorically require the use of intentional, violent force. The offenses defined by 18 U.S.C. § 2113(d) and § 2119 do not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another," as required by the element-of-force clause at § 924(c)(3)(A).

Movant's predicate crimes of conspiracy to commit armed bank robbery and conspiracy to commit carjacking fell under § 924(c)(3)'s residual clause, which is now void for vagueness. Thus, Movant's § 924(c) conviction and sentence violate due process of law. Movant was convicted and sentenced under to § 924(c)(1)(A)(i), which resulted in a mandatory minimum sentence of 7 years' imprisonment. Under § 924(c)(1)(D)(ii), this mandatory minimum sentence cannot "run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."

At the original sentencing, Movant's guideline range without the § 924(c) conviction was 120-180 months, based on a total offense level of 31 and a criminal history category of III.[6]

c. **This motion is timely.**

This motion is timely pursuant to 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided *Johnson* on June 26, 2015, and this motion is filed within a year of that date.

---

In this context, "physical force means [intentional] violent force" that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010); *Leocal v. Ashcroft*, 543 U.S. 1, 9-10 (2004) (interpreting same language as used to define "crime of violence" at 18 U.S.C. § 16(a)); *United States v. Otero*, 502 F.3d 331, 335 (3d Cir. 2007) (materially identical language at U.S.S.G. § 2L1.2 comment. n.1(B)(iii)).

[6] Offense level 31 and criminal history category III ordinarily yield a guideline range of 135-168 months. However, both conspiracy counts have a statutory maximum penalty of five years, making the applicable range 120 months plus 60 months, for a final range of 120-180 months.

### d. The rule announced in *Johnson* is retroactive to cases on collateral review.

On April 18, 2016, the Supreme Court held that *Johnson* is retroactive to cases on collateral review. *Welch v. United States*, No. 15-6418, — S. Ct. — (April 18, 2016). Because *Johnson* is retroactive for ACCA purposes, it is also retroactive for purposes of § 924(c).[7] *Johnson* applies retroactively to this case.

**WHEREFORE**, for all of the reasons stated, Movant respectfully asks this Court to grant his § 2255 motion and list this matter for a new sentencing hearing. If the Government opposes this motion, Movant respectfully requests an opportunity to file a memorandum of law in support of his claim for relief.

Respectfully submitted,

*/s/ Nina C. Spizer*
NINA C. SPIZER
Chief, Trial Unit
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106
(215) 928-1100

---

[7] This Court can make the decision about Johnson's retroactivity to guidelines cases in a first motion brought under 28 U.S.C. § 2255—it does not have to wait for the Supreme Court or the Courts of Appeals to do so first. *See United States v. Swinton*, 333 F.3d 481, 486 (3d Cir. 2003) ("[C]ourts of appeals and district courts may determine whether a novel decision of the Supreme Court applies retroactively, and thus whether a collateral attack is timely under § 2255.").

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon Robert A. Zauzmer, Assistant United States Attorney, via this Court's electronic case filing system.


*/s/ Nina C. Spizer*
NINA C. SPIZER
Chief, Trial Unit


DATE: June 8, 2016